UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MEYSY ELIETH MONTOYA RIVAS,

                Petitioner,

v.

KEVIN RAYCRAFT,

                Respondent.

_____/

Case No. 1:26-cv-1832

Honorable Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee previously detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### **Discussion**

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of her current detention and asks the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondent to release Petitioner or ordering Respondent to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.21.)

---

[1] Since filing this petition for a writ of habeas corpus, the Department of Homeland Security (DHS) transferred Petitioner to the Richwood Correctional Center. *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/search ("A-Number," enter "232574803," "Country of Birth," enter "Nicaragua," select "Search by A-Number") (last visited July 29, 2026).

In an order entered on July 13, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondent filed his response on July 15, 2026. (ECF No. 6.)

## II.    Factual Background

This is Petitioner's third § 2241 petition before this Court. *See Montoya Rivas v. Raycraft*, No. 1:26-cv-63 (W.D. Mich.) ("*Montoya Rivas I*"); *Montoya Rivas v. Raycraft*, No. 1:26-cv-1224 (W.D. Mich.) ("*Montoya Rivas II*"). The Court has previously set forth the underlying facts as follows:

> Petitioner is a citizen of Nicaragua who entered the United States on August 2, 2023. (Pet., ECF No. 1, PageID.7.) On or around September 18, 2025, Petitioner was arrested by ICE. (*Id.*, PageID.1.)
>
> On January 8, 2026, Petitioner filed a § 2241 petition challenging her initial detention without a bond hearing in *Montoya Rivas v. Raycraft* (*Montoya Rivas I*), No. 1:26-cv-63 (W.D. Mich.). In *Montoya Rivas I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Montoya Rivas I*, (W.D. Mich. Jan. 27, 2026), (ECF Nos. 5, 6).
>
> On January 30, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At that hearing, Petitioner presented evidence of her "lack of criminal history, strong family and community ties and a perfect record of attendance and compliance with all immigration requirements[.]" (*Id.*) "[T]he Government argued that Petitioner was a flight risk based on her order of removal," which is not administratively final. (*Id.*) At the conclusion of the January 30, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk[.]" (Order Immigration Judge, ECF No. 1-1, PageID.31.)

Op., *Montoya Rivas II* (W.D. Mich. May 18, 2026) (ECF No. 6) (footnote omitted).

In *Montoya Rivas II*, the Court denied Petitioner's § 2241 petition because, "[b]ased on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing." (*Id.*)

2

On June 2, 2026, Petitioner filed a motion to withdraw the appeal of her December 29, 2025, order of removal. (Mot., ECF No. 6-1, PageID.71.) In an order dated July 9, 2026, the Board of Immigration Appeals (BIA) confirmed that Petitioner's appeal was withdrawn. (BIA Order, ECF No. 6-3, PageID.81.)

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Merits Discussion

Respondent argues that Petitioner is subject to an administratively final order of removal and that she is properly detained pursuant to 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). "The removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order. (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *Id*. § 1231(a)(1)(B)(i)–(iii). An order of removal "shall become final upon the earlier of . . . a determination by the Board of Immigration

3

Appeals affirming such order; or . . . the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id*. § 1101(a)(47)(B)(i)–(ii).

Here, as noted above, Petitioner received an order of removal on December 29, 2025, and the BIA granted Petitioner's motion to withdraw her appeal on July 9, 2026. (Order Immigration Judge, ECF No. 6-2, PageID.74–77; BIA Order, ECF No. 6-3, PageID.81.) Therefore, Petitioner's order of removal became final when the BIA dismissed her appeal on July 9, 2026. *See* 8 U.S.C. § 1101(a)(47)(B)(i)–(ii). Therefore, Petitioner's removal period began on July 9, 2026. *See id*. § 1231(a)(1)(B). Because the 90-day removal period has not expired, at this time, Petitioner is properly detained pursuant to § 1231(a).

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: July 30, 2026                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE